UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ROGER HOLSEY, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 13-207-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JACK CONWAY, Attorney General, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

## I.

In June 2009, a detectives with the Lexington Fayette Urban County Police Department ("LFUCG Police") received an anonymous tip from a "concerned citizen" that narcotics were being sold from a residence located at 3685 White Pines Drive in Lexington, Kentucky.[1] During the subsequent surveillance of the residence, detectives observed a white Dodge Magnum automobile which was registered to either Petitioner Roger Holsey, Jr., or Kathleen Parks. On numerous occasions, the detectives responsible for the investigation had observed the same vehicle at 460 Newbury Way, a residence approximately one mile from the White Pines residence.

---

[1] The facts relevant to this matter are more fully outlined in the decision of the Court of Appeals of Kentucky affirming Holsey's conviction. *Holsey v. Commonwealth*, No. 2010-CA-001620-MR (Ky. App. Mar. 30, 2012).

On July 13, 2009, LFUCG Detective Curtsinger conducted a trash pull at the Newbury Way residence. Curtsinger discovered evidence of drug activity including: marijuana stems, rolling papers, and an empty plastic baggie containing marijuana residue. Additionally, the detective discovered mail addressed to Holsey's wife, Christina Hamm. Based on the information and evidence obtained during the investigation, on July 14, 2009, Detective Curtsinger obtained and executed a search warrant at Holsey's White Pines residence. During the search, marijuana and a mushroom growing operation were discovered.

On July 20, 2009, detectives conducted a second trash pull at the Newbury Way residence. Again, detectives discovered information similar to that found during the first trash pull (*i.e.*, marijuana stems, baggies containing marijuana residue, rolling papers, and mail addressed to Holsey). A subsequent background check revealed that Holsey was on parole following 1999 convictions for first-degree robbery, first-degree burglary, possession of marijuana, and possession of drug paraphernalia. A background check of Holsey's wife revealed a prior conviction for trafficking in a controlled substance.

Armed with the above information, Detective Curtsinger obtained a search warrant for the Newbury Way residence. The affidavit and proposed warrant were presented to Judge Joseph T. Bouvier of the Fayette District Court. The July 20, 2009, search of the Newbury Way residence revealed the presence of marijuana, baggies containing marijuana residue, digital scales, and other drug paraphernalia. Holsey was subsequently indicted for trafficking in marijuana within 1,000 yards of a school, possession of drug paraphernalia (second offense or greater), and for being a persistent felony offender.

Holsey was unsuccessful in his efforts to suppress the evidence obtained through the trash-pulls and searches of the residences. As a result, he entered a conditional guilty plea to amended charges and was sentenced to term of one year imprisonment. However, that term was probated for four years. Pursuant to his plea agreement with the Commonwealth, the persistent felony offender charge was dismissed.

Holsey's attempt to challenge his conviction was unsuccessful in the state courts. Thereafter, on July 2, 2013, he filed a petition with this Court pursuant to 28 U.S.C. § 2254. Pursuant to local practice, Holsey's petition was submitted to a United States Magistrate Judge for issuance of a report and recommendation. On December 31, 2013, United States Magistrate Judge Hanly A. Ingram issued a Recommended Disposition in which he recommended that Holsey's petition be denied and that no Certificate of Appealability be issued. [Record No. 11] Holsey filed objections to the Magistrate Judge's Recommended Disposition on January 15, 2014. [Record No. 12]

Having reviewed this matter, the Court concludes that the Magistrate Judge's Recommended Disposition should be fully adopted. Accordingly, this action will be dismissed. A Certificate of Appealability will not be issued with respect to any issue presented in Holsey's petition for habeas relief.

## II.

Although this Court must make a *de novo* determination of those portions of the magistrate judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects

to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). A party who fails to file objections to a magistrate judge's proposed findings of fact and recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Further, a general objection to the entirety of a magistrate judge's report has the same effect as a failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Having reviewed *de novo* the portions of the magistrate judge's report to which objections have been made, the Court concludes that Holsey's objections are without merit.

Magistrate Judge Ingram's Recommended Disposition properly addresses all issues raised in Holsey's § 2254 petition. After reviewing the procedural history of the case and discussing the scope of this Court's review, the Magistrate Judge addressed Holsey's argument that his Fourth and Fourteenth Amendment rights were violated by the Supreme Court of Kentucky's denial fo his motion for discretionary review. According to Holsey, this denial prevent him from fully and fairly litigating his constitutional claims before the Commonwealth's highest court. The Magistrate Judge rejected this argument, citing *Moore v. Cowan*, 560 F.2d 1298 (6th Cir. 1977). Under *Moore*, a state court is not required to fully explain its decision regarding the constitutionality of a challenged search and seizure. Instead, it need only "take cognizance of the constitutional claim and render a decision in light thereof." *Id.* at 1302. *See also*, *Good v. Berghuis*, 729 F.3d 636, 638 (6th Cir. 2003).

In the present case, Holsey was given the full and fair opportunity to present this argument to the Kentucky courts. As noted by the Magistrate Judge, the defendant moved the trial court to suppress the evidence obtained through the trash pulls and searches of the two residences. Thereafter, he raised the issues before the Court of Appeals of Kentucky. Under

federal law, Holsey is not entitled to a second appeal as a matter of right to the Supreme Court of Kentucky. Additionally, Holsey has not objected to the Magistrate Judge's rejection of this claim. Therefore, in addition to the fact that it is lacking in merit, this claim is also waived.

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a state trial court's factual findings are presumed correct. Further, legal conclusions of the trial court and the state appellate courts are given substantial deference. 28 U.S.C. § 2254; *Mitchell v. Mason*, 325 F.3d 732, 737-38 (6th Cir. 2003), *cert. denied* 543 U.S. 1080 (2005). In fact, under this heightened standard, a federal court may only overturn a state court's application of federal law if it is "so erroneous that there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Nevada v. Jackson*, 569 U.S. ___, 133 S. Ct. 1990, 1992 (2013).

Holsey argues that habeas relief is appropriate because Magistrate Judge Ingram erred in concluding that probable cause supported the search of his home in July 2009. According to the defendant, the anonymous information provided by the "concerned citizen" must be disregarded in the probable cause analysis. He further asserts that a contrary legal conclusion cannot be reached without invalidating the holding in *Illinois v. Gates*, 462 U.S. 213 (1983). Holsey, however, is incorrect.

As the Magistrate Judge properly noted, the Court of Appeals correctly applied *Gates* in concluding that the search warrant for Holsey's residence was supported by sufficient probable cause under the totality of circumstances presented. The state appellate court discussed the relevant facts, including the weight to be given to the information provided by the anonymous tipster, the frequent presence of Holsey's vehicle at both locations in issue, and the information

obtained from the trash pulls at the Newbury Way residence. The search warrant was not based

solely upon an anonymous tip. Instead, the subsequent information obtained as a result of

officers' investigation provided the necessary probable cause for issuance of the state search

warrants.[2]

Likewise, neither the quantity of marijuana found in the trash pulls nor the nature of the

no-knock warrant invalidates the search. As a general rule, police officers should knock and

announce their presence before entering a residence forcefully. *Wilson v. Arkansas*, 514 U.S.

927, 933 (1995). However, as noted by the Court of Appeals of Kentucky, this general rule is

subject to an exception where law enforcement has reasonable suspicion that exigent

circumstances such as danger, futility, or the potential destruction of evidence are present. *See*

*Richards v. Wisconsin*, 520 U.S. 385, 394 (1997). And notwithstanding Holsey's attempt to

downplay the seriousness of his prior convictions, the officers had a sufficient basis for entering

his residence without first announcing their presence.

Here, the defendant's prior conviction for robbery involved a firearm. Likewise,

Holsey's wife had been convicted for a drug trafficking offense. Further, viewing the evidence

deferentially as required by the AEDPA, the state courts were not incorrect in concluding that

the drugs that were expected to be located at his residence could have been destroyed quickly

if other, more deliberate actions had been taken by the officers. In short, the state court's

decision to issue a no-knock warrant was not an unreasonable application of clearly-established

federal law.

---

[2] Because probable cause supports the issuance of the warrants, Holsey's argument regarding the good faith exception to the warrant requirement is moot.

The Court also rejects Holsey's argument that Judge Bouvier was not a "neutral and detached magistrate." In addressing this issue, the trial court noted that, the mere fact that the issuing judge served as the prosecutor in a previous case several years earlier does not establish that he was biased. In fact, there is no evidence in the record to suggest any degree of partiality by the judge originally issuing the search warrant. Where, as here, there is no indication that the issuing judge was actively involved in the underlying investigation, the petitioner's attempt to defeat the warrant fails.

Finally, the Court rejects Holsey's arguments that either of the trash pulls violates his Fourth Amendment rights under well-established federal law. *California v. Greenwood*, 486 U.S. 35, 36 (1988). Cases from state courts interpreting various state constitutional protections are not relevant to this inquiry.

## III.

A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When the Court's denial of the requested relief is based on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 437, 484 (2000). However, when the Court's denial is based on a procedural ruling, the movant must show that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists or reason would find debatable whether the Court was correct in its procedural ruling. In the present case, Holsey has not made a substantial showing of a denial of a constitutional right. Likewise, he has not demonstrated that the

procedural issues he now seeks to raise are debatable among jurists of reason or that the questions are adequate to deserve encouragement to proceed further.

**IV.**

Based on the foregoing reasoning and analysis, it is hereby

**ORDERED** as follows:

1.      The Recommended Disposition of United States Magistrate Judge Hanly A. Ingram [Record No. 11] is **ADOPTED** and **INCORPORATED** herein by reference.

2.      Petitoner Roger Holsey, Jr.'s objections to the Magistrate Judge's Recommended Disposition [Record No. 12] are **OVERRULED**.

3.      Petitioner Roger Holsey, Jr.'s Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Record No. 1] is **DENIED**.   Further, this matter is **DISMISSED** and **STRICKEN** from the Court's docket.

4.      A Certificate of Appealablilty shall not issue with respect to any matter or claim raised in this proceeding.

5.      A **FINAL** and **APPEALABLE** Judgment shall be entered this date, consistent with this Memorandum Opinion and Order.

This 17th day of January, 2014.



Signed By:

_Danny C. Reeves_

**United States District Judge**